IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

B & D INVESTMENT S.E.

    Debtor                                              Case#16-00978(BKT)

                                                              Chapter 11

***************************

**DEBTOR'S PLAN OF REORGANIZATION**

This Plan of Reorganization is proposed by **B& D INVESTMENT S.E.** Debtor in Possession ("DEBTOR@), for the resolution of its outstanding creditor claims and security interests. All creditors and security holders are encouraged to consult the Disclosure Statement before voting to accept or reject this Plan.

Article I

Definitions

1.1. Defined Terms.

The following terms have the following meanings (such meanings to be equally applicable to both the singular and plural forms of the terms defined) whenever used in the Plan.

    1. *Administrative Claim:* Administrative Claim means any Claim for any cost or expense of administration in connection with the Chapter 11 case, in accordance with ' 503(b) of the Code, including, without limitation:

        (a) The actual, necessary costs and expenses of preserving the Debtor's estate and of operating the business of the Debtor (other than such claims or portions thereof which, by their express terms, are not due or payable by the Effective Date);

    (b) The full amount of all claims for allowances of compensation for legal or other professional services or reimbursement of costs and expenses under 330 or 503(b) of the Code or otherwise allowed by the Bankruptcy Court; and,

    (c)    All fees and charges assessed against the Debtor's estate under Chapter 123 of Title 28, United States Code.

1

2. *Allowed Claim or Allowed Interest:* Allowed Claim or Allowed Interest means a claim against or security interest in the Debtor to the extent that: (a) a proof of such claim or interest was (I) timely filed, or (ii) deemed filed pursuant to '1111(a) of the Bankruptcy Code; and (b)(I) which is not objected to, or (ii) which is allowed (and only to the extent allowed) by an order of the Bankruptcy Court that has become final and not subject to possible appeal, review, certiorari or stay.

3. *Bankruptcy Code:* Bankruptcy Code or Code means Title 11 of the United States Code, 11 U.S.C. '101 et seq. as amended.

4. *Code:* Code or Bankruptcy Code means Title 11 of the United States Code, 11 U.S.C. '101 et seq., as amended.

5. *Court:* Court or Bankruptcy Court means the United States Bankruptcy Court for the District of Puerto Rico (or such other court as may have jurisdiction over this Chapter 11 case) and, with respect to any particular proceeding arising under, in or relating to this Chapter 11 case, any other court which may have jurisdiction over such proceeding.

7. *Effective Date:* Effective Date means the ninetieth business day following entry of an order by the Court confirming the Plan (the "Confirmation Date").

8. *Plan:* Plan means this Plan of Reorganization proposed by including any amendment or modification made in accordance with the applicable provisions of the Code.

9. *Property:* Property means real estate properties located at Barrio Terranova, Quebradillas Puerto Rico .

10. *Reorganized Debtor:* Reorganized Debtor means **B & D INVESTMENT S.E.** after the Effective Date.

1-2. Undefined Terms.

A term used in the Plan and not defined herein which is defined in the Bankruptcy Code or Rules has the meaning ascribed to such term in the Bankruptcy Code or Rules.

# Article II

## 2-1 Classification of Claims and Interests

All Allowed Claims and Allowed Interests are placed in the following classes:

Class 1: <u>Secured Claim of Popular.</u> Class 2 shall consist of the Allowed Secured claim of Banco Popular

Class 2: <u>Priority Claims.</u> Class 1 shall consist of all Allowed Priority Claims

Class 3: Unsecured Claims. Class 3 shall consist of all allowed unsecured claims

Class 4: Equity Interest. Class 4 shall consist of the partner's interests

# Article III
## Treatment of Certain Unclassified Claims

3-1. The holders of allowed Administrative Claims shall receive, on account of such claims, cash in the amount of such claims (I) as soon as practical on or after the Effective Date or (ii) at the option of the Debtor, according to the terms and conditions prior to the filing of the petition. Professionals employed at the expense of the estate of the Debtor and entities who may be entitled to reimbursement or the allowance of fees and expenses from the estate of the Debtor, pursuant to '330 or '503(b) through (6) of the Bankruptcy Code, shall receive cash in the amount awarded to such professionals and entities at such times and only in accordance with a final order entered pursuant to '330 or 503(b) (2) through (6) of the Bankruptcy Code.

# Article IV
## Treatment of unimpaired Claims and Interests

4-1. Treatment of Priority Claims.

A. *Priority Claims.*

Administrative Claims: The debtor must pay a quarterly fee to the United States Trustee for each quarter and Debtor has been paying said fees to US Trustee.

All administrative claims are subject to allowance by the Bankruptcy Court and its determination of the reasonableness of the amounts; any party in interest can object to any claim for administrative fees and expenses.

The holders of Allowed Claims which are Administrative Claims shall receive, on account of such claims, cash in the amount of such claims (I) as soon as practical on or after the Effective Date or (ii) at the option of the Debtor, in accordance with the ordinary business terms of payment of such claims.

Any other Administrative Expense not paid in the normal course of business operation as of the time of the entry of an order confirming the Plan.

Professionals employed at the expense of the estate of the Debtor and entities who may be entitled to reimbursement or the allowance of fees and expenses from the estate of the Debtor pursuant to subparagraphs (2) through (6) of section 503(b) of the Bankruptcy Code, shall receive cash in the amount awarded to such professionals and entities at such times and only in accordance with a final order entered pursuant to 330 or 503(b)(2) through (6) of the Bankruptcy Code.

4-2 The following are the classes set forth in the Plan, and the proposed treatment that they will receive under the Plan:

**(a) Class 1 Classes of Secured Claims**

Allowed Secured Claims are claims secured by property of the Debtor's bankruptcy estate (or that are subject to setoff) to the extent allowed as secured claims under § 506 of the Code.   If the value of the collateral or setoffs securing the creditor's claim is less than the amount of the creditor allowed claim, the deficiency will be classified as a general unsecured deficiency claim.

(1) Distribution – Class 1 shall consist of the Claim of as Finally allowed and ordered paid by the Court.

During that term the Debtor will endeavor the sale of the segregated lots of land encumbered by Banco Popular liens and the proceeds from such sale shall be tendered in payment to Banco Popular.

If no sale is completed within one years, Debtor may tender in payment of the allowed claim one of the segregate lots in full satisfaction of the amount claimed.

**(2)** Impairment and Voting:

Class 1 Banco Popular's claim is unimpaired under the Plan, thus Banco Popular de Puerto Rico is deemed to have accepted the Plan as proposed.

### (B)Classes of Priority Unsecured Claims

Class 2 Certain priority claims that are referred to in §§ 507(a) (1), (4), (5), (6) and (7) of the Code are required to be placed in classes. The Code requires that each holder of such a claim receive on the effective date of the Plan equal to the allowed amount of such claim. However, a class of holders of such claims may vote to accept different treatment.

All expenses of operation have been timely paid thus no priority unsecured claims are owed by the debtor.

### (C) Class 3 of General Unsecured Claims

General unsecured claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code.

This claim shall may receive any dividends or payment in the plan if after paying the debt to Banco Popular there are proceeds to be distributed.

**Impairment and Voting**:

**Class 3 General Unsecured Claims** is impaired under the Plan; thus it is entitled to vote.

### D. Treatment of Interests.

5

Class 4   Class of Interest consist of the members of the partnership.  They will not receive or retain any property under the Plan unless there is a surplus after payment to Banco Popular and Priority claimants.

### Article V

**5-1. Means for Execution of the Plan**

Payments shall be from the sale of the lot of land belonging to the Partnerships.

**5-2. Corporate Management.**

It is anticipated that the present management will continue to oversee the operation of the reorganized debtor. Mr. Manuel Babilonia is presently the administrator and general partner of the special partnership.

**5-3 Reverting of Property.** Except as otherwise provided in this Plan, after payment of Administrative Expense Claims, Priority Claims, except Priority Tax Claims, and Convenience Claims, Debtor shall transfer all remaining funds and the Estate's Claims and Causes of Actions, as well as all other proceeds to which Debtor or the Reorganized Debtor may be entitled. The payments by the Debtor will be made from available funds originating from the sale of Properties.

**5.4 Estate's Claims and Causes of Actions.** The Estate's Claims and Causes of Action are hereby preserved and retained for enforcement by Debtor after the Effective Date.

### ARTICLE VI
### IMPLEMENTATION OF THE PLAN

6.1 Method of Distributions under the Plan.

(a) In General. Subject to Bankruptcy Rule 9010, all distributions under the Plan to the holder of each Allowed Claim shall be mailed by first class mail, postage prepaid, to the address of such holder as listed on the Schedules as of the Distribution Record Date, unless Debtor has been notified in writing of a change of address, including,

without limitation, by the filing of a proof of claim or notice of transfer of claim filed by such holder that provides an address for such holder different from the address reflected on the Schedules. Debtor, the Reorganized Debtor shall have no obligation to locate such holders whose distributions or notices are properly mailed but nevertheless returned.

(b) <u>Form of Distribution.</u> Any payment of Cash made pursuant to the Plan shall be made by check, provided, however, that after the occurrence of the Effective Date, Debtor, the Reorganized Debtor is not obligated to make any Cash payment under the Plan unless the payment exceeds ten dollars ($10); provided, further, that Cash equal to 100% of the distributions to which the holder of a Claim would be entitled under the Plan if the payment to such holder was less than or equal to ten dollars ($10.00) shall be maintained in a reserve (the "Small Payment Reserve") for the benefit of such holder until an aggregate of at least ten dollars ($10.00) is payable to such holder and at such time the holder shall receive a payment equal to 100% of the distributions to which it would otherwise be entitled.

(c) <u>Distribution to be on Business Day.</u> Any payment or distribution required to be made under the Plan on a day other than a Business Day shall be made on the next succeeding Business Day.

(d) <u>Fractional Dollars.</u> Whenever any payment of a fraction of a dollar would otherwise be called for, the actual payment shall reflect a rounding of such fraction to the nearest whole dollar (rounding down in the case of $0.50 or less, and rounding up in the case of more than $0.50).

(e) <u>Distribution to Holders as of the Distribution Record Date.</u> As of the close of business on the Distribution Record Date, the claims register shall be closed. Debtor shall have no obligation to recognize any transfer of any Claims occurring after the close of business on the Distribution Record Date, and shall instead be entitled to recognize and deal for all purposes under the Plan with only those holders of record as of the close of business on the Distribution Record Date, unless otherwise provided for by order of the Bankruptcy Court.

6.2 <u>Objections to Disputed Claims.</u> Any objections to Claims against Debtor shall be prosecuted by the Debtor, or the Reorganized Debtor, including any application to estimate or disallow Claims for voting purposes. Debtor or the Reorganized Debtor shall reasonably cooperate with each other in prosecuting any such objections.

6.3 <u>Deadlines for Objecting to Disputed Claims.</u> Except as otherwise provided by order of the Bankruptcy Court with respect to any Claim, the Debtor or the Reorganized Debtor may file an objection to such Claim or otherwise dispute such Claim until the later of (i) the date that such Claim becomes due and payable in accordance with its terms, or (ii) the Effective Date.

6.4 <u>Estimation of Claims.</u> Debtor, or the Reorganized Debtor, may, at any time, request that the Bankruptcy Court estimate any Disputed Claim pursuant to Section 502(c) of the Bankruptcy Code, and the Bankruptcy Court shall have jurisdiction to estimate such Claim at any time, including, without limitation, during litigation concerning such Claim or an objection to such Claim. Debtor or the Reorganized Debtor shall be entitled to request that the Bankruptcy Court determine either the Allowed amount of such Claim or a maximum limitation on such Claim. If the Bankruptcy Court determines the maximum limitation of such Claim, such determination shall not preclude Debtor, or the Reorganized Debtor, from pursuing any additional proceedings to object to any ultimate payment of such Claim. If the Bankruptcy Court determines the Allowed amount of such Claim, the amount so determined shall be deemed the amount of the Disputed Claim for all purposes under this Plan. All such proceedings are cumulative and not exclusive remedies

## ARTICLE VII
## VOTING ON THE PLAN

7.1 <u>Voting of Claims.</u> Each holder of an **Allowed Claim** in an impaired Class which retains or receives property under the Plan shall be entitled to vote separately. Any claim for damages, if not heretofore evidenced by a filed proof of claim, shall be forever barred

and shall not be enforceable against the Estate, or its properties or agents, successors, or assigns unless a proof of claim is filed with the Bankruptcy Court and served upon counsel for Debtor or the Reorganized Debtor on or before forty-five (45) days following the Confirmation Date. Unless otherwise ordered by the Bankruptcy Court or provided for in the Plan, all such Claims for which proofs of claim are timely filed will be treated as General Unsecured Claims subject to the provisions of the Plan.

## ARTICLE VIII
## RELEASE AND DISCHARGE OF CLAIMS

8.1 <u>Discharge</u>. Except as otherwise expressly provided in Section 1141 of the Bankruptcy Code or the Plan, the distributions made pursuant to and in accordance with the applicable terms and conditions of the Plan are in full and final satisfaction, settlement, release and discharge as against Debtor of any debt of Debtor that arose before the Effective Date, and any debt of Debtor of a kind specified in Section 502(g), 502(h), or 502(I) of the Bankruptcy Code, and all Claims against Debtor or its Estate of any nature, including, without limitation, any interest accrued thereon from and after the Petition Date, whether or not (I) a proof of claim based on such debt, obligation or equity interest is filed or deemed filed under Section 501 of the Bankruptcy Code, (ii) such Claim is Allowed under Section 502 of the Bankruptcy Code, or (iii) the holder of such Claim has accepted the Plan.

8.2 <u>Injunction Relating to the Plan</u>. As of the Effective Date, all Persons will be permanently enjoined from commencing or continuing, in any manner or in any place, any action or other proceeding, whether directly, indirectly, derivatively or otherwise against Debtor, its Estate, or the Reorganized Debtor, on account of, or respecting any Claims, debts, rights, Causes of Action or liabilities discharged pursuant to the Plan, expect to the extent expressly permitted under the Plan

8.3 <u>Cancellation of Existing Indebtedness and Liens</u>. Except as may otherwise be provided in the Plan, on the Effective Date, all credit agreements, promissory notes, mortgages, security agreements, invoices, contracts, agreements and any other documents

or instruments evidencing Claims against Debtor, together with any and all Liens securing the same, shall be canceled, discharged and released without further act or action by any Person under any applicable agreement, law, regulation, order or rule, and Debtor=s obligations there under shall be deemed cancelled, discharge and released. To the extent deemed necessary or advisable by Debtor or the Reorganized Debtor, any holder of a Claim shall promptly provide Debtor or the Reorganized Debtor with an appropriate instrument of cancellation, discharge or release, as the case may be, in suitable form for recording wherever necessary to evidence such cancellation, discharge or release, including the cancellation, discharge or release of any Lien securing such Claim.

8.4 Setoff. Except as otherwise provided herein, nothing contained in the Plan shall constitute a waiver or release by the Estate of any rights of setoff the Estate may have against any Person.

## ARTICLE IX

## CONDITIONS PRECEDENT TO EFFECTIVE DATE

9.1 Conditions Precedent to Effectiveness. The Plan shall not become effective and the Effective Date shall not occur, unless and until the following conditions shall have been satisfied or such conditions shall have been waived pursuant to Section 9.2 hereof:

a) The Confirmation Order, in form and substance reasonably acceptable to Debtor, shall have been entered by the Bankruptcy Court and shall have become a Final Order;

b) each of the Plan Documents, in form and substance reasonably acceptable to Debtor, (I) shall have been executed, delivered and, if necessary, properly recorded, (ii) shall have become effective, and (iii) shall have been filed with the Bankruptcy Court;

c) All actions, other documents and agreements necessary to implement the Plan shall have been executed, delivered and, if necessary, properly recorded, and shall have become effective; and

d) The Estate shall have sufficient Cash to meet all Cash funding obligations under the Plan required to be made on the Effective Date, including without limitation, sufficient Cash to pay those claims to be paid by Debtor, or the Reorganized Debtor.

9.2 <u>Waiver of Conditions</u>. Debtor may waive one or more of the conditions precedent to the effectiveness of the Plan set forth in Section 9.1 above, except that Debtor may not waive the condition that the Estate will have sufficient Cash to meet all of Debtor=s or the Reorganized Debtor=s or the Reorganized Debtor=s payment and funding obligations under the Plan on the Effective Date,

## ARTICLE X
## RETENTION OF JURISDICTION

10.1 <u>Retention of Jurisdiction</u>. After the Effective Date, the Bankruptcy Court shall have exclusive jurisdiction of the following specified matters arising out of, and related to the Bankruptcy Case and the Plan pursuant to Sections 105(a) and 1142 of the Bankruptcy Code:

a) To hear and determine any and all objections to the allowance of any Claims or any controversies as to the classification of any Claims or estimate any disputed Claim;

b) To hear and determine any and all applications by Professionals for compensation and reimbursement of expenses pursuant to Section 2.2 (c) hereof;

c) To hear and determine any and all pending applications for the rejection or assumption of executory contracts and unexpired leases, and fix and allow any Claims resulting there from;

d) To determine any and all applications, motions, adversary proceedings and contested or litigated matters pending before the Bankruptcy Court on the Confirmation Date;

e) To determine all controversies, suits and disputes that may arise in connection with the interpretation, enforcement or consummation of the Plan.

f) To enforce the provisions of the Plan subject to the terms thereof;

g) to correct any defect, cure any omission, or reconcile any inconsistency in the Plan, the Plan Documents or in the Confirmation Order as may be necessary to carry out the purpose and the intent of the Plan;

h) To determine such other matters as may be provided for in the Confirmation Order.

# ARTICLE XI
# MISCELLANEOUS

11.1 <u>Continuation of Injunctions or Stays until Effective Date</u>. All injunctions or stays provided for in the Bankruptcy Case under Sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

11.2 <u>Exemption from Transfer Taxes</u>. In accordance with Section 1146(c) of the Bankruptcy Code.

a) the issuance, transfer or exchange of any security under the Plan or the making or delivery of any instrument of transfer pursuant to, in implementation of, or as contemplated by the Plan, including any deeds, bills of sale or assignments executed in connection with any of the transactions contemplated under the Plan, or the re-vesting, transfer or sale of any real or personal property of the Debtor pursuant to, in implementation of, or as contemplated by the Plan,

b) the making, delivery, creation, assignment, amendment or recording of any note or other obligation for the payment of money or any mortgage, or other security interest under, in furtherance of, or in connection with the Plan,

c) the making, delivery or recording of any deed or other instrument of transfer under, in furtherance of, or in connection with, the Plan, including, without limitation, the Confirmation Order, shall not be subject to any document recording tax, stamp tax, conveyance fee or other similar tax, mortgage tax, real estate transfer tax, mortgage recording tax or other similar tax or governmental assessment.  Consistent with the foregoing, officials of a governmental unit in which any instrument hereunder is to be recorded shall, pursuant to the Confirmation Order, be ordered and directed to accept such instrument, without requiring the payment of any documentary stamp tax, deed stamps, transfer tax, intangible tax or similar tax.

Case:16-00978-BKT11 Doc#:30 Filed:05/10/16 Entered:05/10/16 16:39:32 Desc: Main
Document Page 13 of 16

11.3 <u>Amendment or Modification of the Plan</u>. Alterations, amendments or modifications of the Plan may be proposed in writing by Debtor at any time prior to the Confirmation Date, provided that the Plan, as altered, amended or modified, satisfies the conditions of Section 1122 and 1123 of the Bankruptcy Code, and Debtor shall have complied with Section 1125 of the Bankruptcy Code. The Plan may be altered, amended or modified at any time before or after the Confirmation Date and before substantial consummation, provided that the Plan, as altered, amended or modified, satisfies the requirements of Sections 1122 and 1123 of the Bankruptcy Code and the Bankruptcy Court, after notice and a hearing, confirms the Plan, as altered, amended or modified, under Section 1129 of the Bankruptcy Code. A holder of a Claim that has accepted the Plan shall be deemed to have accepted the Plan, as altered, amended or modified, if the proposed alteration, amendment or modification does not materially and adversely change the treatment of the Claim of such holder. Debtor or the Reorganized Debtor may, without notice to holders of Claims insofar as it does not materially and adversely affect the interests of any such holders, correct any defect or omission in the Plan and any exhibit hereto or in any Plan Document.

11.4 <u>Severability</u>. If, prior to the Confirmation Date, any term or provision of the Plan is determined by the Bankruptcy Court to be invalid, void or unenforceable, the Bankruptcy Court may, upon Debtor=s request, alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provisions shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions of the Plan shall remain in full force and effect and shall in no way be affected, impaired or invalidated by such holding, alteration or interpretation. The Confirmation Order shall constitute a judicial determination that each term and provision

13

of the Plan, as it may have been altered or interpreted in accordance with the foregoing is valid and enforceable according to its terms.

11.5 Revocation or Withdrawal of the Plan. Debtor reserves the right to revoke or withdraw the Plan prior to the Confirmation Date. If Debtor revokes or withdraws the Plan prior to the Confirmation Date, then the Plan shall be deemed null and void. In such event, nothing contained herein shall constitute or be deemed a waiver or release of any Claims by or against Debtor or any other Person or to prejudice in any manner Debtor=s rights or those of any Person in any further proceeding involving Debtor.

11.6 Binding Effect. The rights, duties and obligations of any Person named or referred to in this Plan shall be binding upon, and shall inure to the benefit of, the successors and assigns of such Person.

11.7 Notices. All notes, requests and demands to or upon Debtor shall only be effective if in writing and, unless otherwise expressly provided herein, shall be deemed to have been duly given or made when actually delivered or, in the case of notice by facsimile transmission, when received and confirmed, addressed as follows:

B & D INVESTMENT S.E.
To the attention of
**García- Arregui & Fullana PSC**
**252 Ponce de León Ave.**
**Citibank Towers Suite 1101**
**San Juan, PR 00918**
**Tel 787 766 2530**
**Fax 787 756 7800**

11.8 Dissolution of Committee. On the Effective Date, the Committee shall dissolve and the members of the Committee shall be released and discharged from all rights and duties

arising from or related to this Bankruptcy Case. On such date, all of Debtor=s claims or rights of action, if any, against any member of the Committee, and any officer, director, employee or agent of a Committee member shall be compromised, settle, and released in consideration of the terms of this Plan.

11.9 <u>Governing Law</u>. Except to the extent the Bankruptcy Code, Bankruptcy Rules or other federal law is applicable, or to the extent the Plan or the Plan Documents provide otherwise, the rights and obligations arising under this Plan shall be governed by, construed and enforced in accordance with the laws of the Commonwealth of Puerto Rico.

11.10 <u>Withholding and Reporting Requirements</u>. In connection with the consummation of the Plan, Debtor, the Reorganized Debtor, , as the case may be, shall comply with all withholding and reporting requirements imposed by any federal, state, local or foreign taxing authority and all distributions hereunder shall be subject to any such withholding and reporting requirements.

11.11 <u>Plan Documents</u>. Upon filing with the Bankruptcy Court, the Plan Documents may be inspected at the offices of the Clerk of the Bankruptcy Court during normal court hours. Holders of Claims may obtain a copy of the Plan Documents upon written request to Debtor in accordance with Section 12.7 hereof. The Plan Documents are incorporated into and made a part of the Plan, as if fully set forth in full herein.

11.12 <u>Post-Confirmation Fees, Final Decree</u>. Debtor shall be responsible for the payment of any post-confirmation fees due pursuant to 28 U.S.C. '1930(a) (6) and the filling of post-confirmation reports, until a final decree is entered or as otherwise provided by the Bankruptcy Court. A final decree shall be entered as soon as practicable after initial distributions have commenced under the Plan.

11.13 <u>Headings</u>. Headings are used in the Plan for convenience and reference only, and shall not constitute a part of the Plan for any other purpose.

11.14 <u>Filing of Additional Documents</u>. On or before substantial consummation of the Plan, Debtor or the Reorganized Debtor shall file with the Bankruptcy Court any

agreements or other documents that may be necessary or appropriate to effectuate and further evidence the terms and conditions hereof.

11.16 <u>Inconsistency</u>. In the event of any inconsistency between the Plan and the Disclosure Statement, the Plan Documents or any other instrument or document created or executed pursuant to the Plan, the terms of the Plan shall govern.

In San Juan, Puerto Rico this 10th day of May 2016.

<u>S/Mr. Manuel Babilonia Santigo</u>
<u>Managing Partner</u>

S/**ISABEL M FULLANA**
**COUNSEL FOR DEBTOR**
**252 PONCE DE LEON AVE**
**SUITE 1101**
**SAN JUAN, PR 00918**
**TEL 787 766 2530**
**FAX 787 756-7800**
Email <u>ifullana@garciaarreguifullanalaw.com</u>
<u>isabelfullana@gmail.com</u>

16