IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | Case No. 16-00978 (BKT) |
| B & D ENTERPRISES SE, | Chapter 11 |
| Debtor(s). | |

### OPPOSITION TO APPROVAL OF DISCLOSURE STATEMENT

**TO THE HONORABLE UNITED STATES
BANKRUPTCY COURT:**

**COMES NOW** Banco Popular de Puerto Rico ("BPPR"), secured creditor herein, by and through its undersigned legal counsel, and respectfully submits this opposition (the "Opposition") to B & D Enterprise SE's (the "Debtor") Disclosure Statement (the "Disclosure Statement") (Docket No. 29):

### Preliminary Statement

Debtor's Disclosure Statement and the Chapter 11 Plan of Reorganization (the "Plan") (Docket No. 30), as filed, should not be approved by this Court as they fail to meet the required legal standards under the Bankruptcy Code (the "Code"). Specifically, the Debtor fails to provide pertinent and relevant information in its Disclosure Statement as required by section 1125 of the Code. Furthermore, Debtor's Plan does not satisfy the provisions of section 1129 of the Code and, as explained at length herein, is patently unconfirmable. The Plan's deficiencies are evidenced by, among other things, the lack of information as to the value of Debtor's real estate assets, the amounts to be distributed to BPPR therein, whether any deficiency claim will arise under either a sale or surrender scenario to BPPR, all of which puts into question the Plan's feasibility under section 1129(a)(11), as well as fails to satisfy the liquidation analysis prong under section 1129(a)(7). For these reasons, and those set forth below, BPPR requests that the Court deny the final approval of the Disclosure Statement as well as deny the confirmation of the

00370677; 1

Plan.

## Background

1. B & D Enterprise SE (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Code") on February 11, 2016 (the "Petition Date"). See, Docket No. 1.

2. The Debtor filed its Disclosure Statement and Plan on May 10, 2016. See, Dockets No. 29 and 30.

3. BPPR filed a secured claim in this case on June 13, 2016 in the amount of $1,851,992.10 (the "POC"). The POC is secured by a certain real property located in Quebradillas, Puerto Rico. See, Proof of Claim No. 1.

## Opposition and Basis Thereof

**A) Disclosure Statement**

4. Section 1125 of the Bankruptcy Code requires that a disclosure statement contain "adequate information." The Bankruptcy Code defines the term "adequate information" as follows:

> information of any kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, **that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan**…

11 U.S.C. § 1125(a)(1) (Emphasis supplied).

5. In general terms, a proper disclosure statement must "clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution." In re Ferretti, 128 B.R. 16, 19 (Bankr. D.N.H. 1991).

6. The requirement of adequate disclosure to parties in interest is a key feature of the reorganization provision of Chapter 11 and courts have an independent obligation to determine whether a disclosure statement includes adequate information within the meaning of, and as required by, the Bankruptcy Code. See, In re El Comandante Mgmt. Co., LLC, 2006 Bankr. LEXIS 3820, 10-12 (Bankr. D.P.R. 2006); In re Clamp-All Corp., 233 B.R. 198, 208 (Bankr. D. Mass. 1999); In re Eastern Maine Elec. Co-op, Inc., 125 B.R. 329 (Bankr. D. Me. 1991).

7. "A number of courts have provided lists of the types of information that they believe should be addressed by a disclosure statement." Resnick, Alan N., Sommer, Henry J., 7 Collier on Bankruptcy, ¶ 1125.02[2] at 1125-10 and 1125-11 (16th Ed.). These include, among others:

> (1) a complete description of the available assets and their value;
> (2) a liquidation analysis setting forth the estimated return that creditors would receive under chapter 7;
> (3) any financial information, valuations or pro forma projections that would be relevant to creditor's determinations of whether to accept or reject the plan.

See, Id.; Ferretti, 128 B.R. at 19.

8. The Disclosure Statement fails to comply with the provisions of section 1125 of the Code inasmuch as it does not identify all of the real properties belonging to the Debtor.

9. According to Debtor's testimony at the 341 meeting held on March 18, 2016 (Docket No. 16), Debtor is the owner of seven (7) vacant parcels in Quebradilla, Puerto Rico. However, the Amended Schedule A and the Plan only identifies one (1) real property (the remnant) in the alleged amount of $934,495.00. See, Docket No. 18 at p. 3 and Docket No. 29 at pp. 30 – 33.

10. Debtor's failure to identify all of the assets to be disposed and/or affected as part of the Plan is a material deficiency that warrants the denial of the Disclosure Statement.

11. Moreover, one of the principal concerns as to the adequacy of the information as per the disclosure statement requirements is a debtor's disclosure of the value of its assets, as well as the disclosure of the valuation methods employed to reach that conclusion. This information is paramount, among other things, for the consideration of the "liquidation analysis setting forth the estimated return that creditors would receive under chapter 7." In re Cloverleaf Enters., 2010 Bankr. LEXIS 1301, 12-13 (Bankr. D. Md. 2010). The determination of the liquidation analysis relates towards confirmation of a Chapter 11 Plan pursuant to 11 U.S.C. § 1129(a)(7)(A)(ii) (each creditor must "receive or retain under the plan…value…that is not less than the amount such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title").

12. The Disclosure Statement in this case does not contain any appraisal report or other evidence or documentation sufficient to justify the alleged $934,495.00 value of the remnant property, whose proceeds will be supposedly used to satisfy BPPR's secured debt in the amount of $1,851,992.10 (Docket No. 29 at p. 9), which POC constitutes *prima facie* evidence pursuant to Fed. R. Bankr. P. 3001(f). See, Resnick, Alan N., Sommer, Henry J., 9 Collier on Bankruptcy ¶ 3001.09[1] at 3001-28 ("This rule supplements the [presumptions under the] Federal Rules of Evidence."); Factors Funding Co. v. Fili (In re Fili), 257 B.R. 370, 372 (B.A.P. 1st Cir. 2001).

13. The Disclosure Statement is also devoid as to any information regarding the value of the properties in the event that no sale is completed within the one (1) year scenario contemplated by the Plan, and the properties are ultimately surrendered over to BPPR. See, Docket No. 29 at pp. 9-10.

14. By having failed to provide information as to the fair market value of the remnant property (much less as to the remaining other six (6) parcels), neither the Court nor the creditors

can assess whether the latter are receiving more under the Plan than under a chapter 7 liquidation scenario as required by section 1129(a)(7) of the Code. <u>Cloverleaf Enters.</u>, 2010 Bankr. LEXIS at 12-13 (Bankr. D. Md. 2010).

15. By failing to submit any information as to the above-mentioned points, the Disclosure Statement, as filed, fails to provide sufficient "adequate information" which "would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan" pursuant to 11 U.S.C. § 1125(a)(1). This information is crucial in order to allow the creditors, and the Court, to determine whether the proposed Plan is feasible as required by section 1129(a)(11) of the Bankruptcy Code

16. In light of the foregoing, the Disclosure Statement fails to comply with the "adequate information" requirement under section 1125(a)(1) of the Code, hence, the same should not be approved by the Bankruptcy Court.

**B) Plan of Reorganization**

17. Section 1129(a) of the Bankruptcy Code states that the court shall confirm a plan only if all of the requirements of section 1129(a) are met. Further, Courts generally deny approval of a Disclosure Statement, even if the same contains adequate information (which the current Disclosure Statement, as detailed above, fails to include) if the Plan is "patently unconfirmable". <u>In re Quigley Co.</u>, 377 B.R. 110, 115 (Bankr. S.D.N.Y. 2007). As detailed below, the Court should deny approval of the Disclosure Statement as the Plan herein is patently unconfirmable.

18. The Plan fails to comply with section 1129(a)(1) and (2) for a number of reasons:

19. First, the Plan improperly provides that Debtor shall receive a "discharge" after confirmation of the Plan. This attempt to receive a discharge violates section 1141(d)(3) of the Bankruptcy Code (as a corporation would "be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title").

20. Second, and as explained in greater detail above, the Plan fails to comply with section 1129(a)(7) as creditors have not been put in a position to determine whether they will be receiving under the Plan, at least, the same or more than what it would otherwise receive in a Chapter 7 liquidation scenario, nor if they are receiving property of a value not less than the value of their respective collateral as of the effective date of the Plan. Debtor has failed to show how they valued the real estate property referenced in the Disclosure Statement and Plan, has failed to provide any valuation information for the remaining six (6) parcels in Quebradilla, has not provided any basis whatsoever as to the fair market value of the referenced properties, nor indicated the value of these properties in the event that the same were to be turned over to BPPR upon expiration of the one (1) year sale period.

21. Third, the Plan also fails to satisfy the "feasibility" standard encompassed in section 1129(a)(11), which examines, among other things, the Debtor's ability to consummate the provisions of the proposed plan. See, In re Lakeside Global II, Ltd., 116 B.R. 499, 506 (Bankr. S.D. Tex. 1989) ("This definition [of feasibility] has been slightly broadened and contemplates whether [(a)] the debtor can realistically carry out its Plan,…and [(b)] whether the Plan offers a reasonable prospects of success and is workable."). By having failed to identify the repayment to be afforded to BPPR, the Court is not put in a position to consider the feasibility of the Plan. This issue is further compounded by the fact that Debtor has not submitted an application to employ a realtor to date, nor presented any potential sale offers, for purposes of considering the probability of a sale in this case.

22. Based on the above, it is clear that Debtor's Plan is not feasible and, thus, the Plan as it stands is patently unconfirmable.

23. For the reasons described above, Debtor's Plan does not (and cannot) satisfy the requirements for confirmation under sections 1129(a) or (b) of the Bankruptcy Code.

**WHEREFORE**, for all the foregoing reasons, BPPR respectfully requests that this

Honorable Court enter an order denying the approval of the Disclosure Statement, as well as denying the confirmation of the Plan (Dockets No. 29 and 30), and granting such further relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 20th day of June, 2016.

**WE HEREBY CERTIFY** that on this date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties appearing in said system, including the U.S. Trustee.

**O'NEILL & BORGES, LLC**
*Attorneys for Banco Popular de Puerto Rico*
American International Plaza
250 Muñoz Rivera Ave., Ste. 800
San Juan, PR 00918-1813
Tel.: (787) 764-8181
Fax: (787) 753-8944

s/ Luis C. Marini-Biaggi
Luis C. Marini-Biaggi
USDC No. 222301
E-mail: luis.marini@oneillborges.com

s/ Nayuan Zouairabani
Nayuan Zouairabani
USDC No. 226411
E-mail: nayuan.zouairabani@oneillborges.com